UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE M. CROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-133-D |
| | ) |
| CARL BEAR, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Lawrence M. Cross, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the undersigned has examined the Petition and recommends dismissal.

BACKGROUND

In this action, Petitioner challenges his October 2010 conviction upon guilty plea in the District Court of Stephens County, Oklahoma, on three counts of distribution of a controlled substance and one count of unlawful possession of a controlled drug with

---

[1] Because Petitioner is currently incarcerated at Joseph Harp Correctional Center ("JHCC"), JHCC Warden Carl Bear is hereby substituted as the sole Respondent in this habeas proceeding. *See* R. 2(a), 12, Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d), 81(a)(4); *Joseph Harp Correctional Center*, http://www.ok.gov/doc/Organization/Field_Operations/East_Institutions/Joseph_Harp_C orrectional_Center.html (last visited Oct. 16, 2015).

intent to distribute. *See* Pet. (Doc. No. 1) at 1;[2] *State v. Cross*, No. CF-2009-316 (Stephens Cnty. Dist. Ct. filed Dec. 9, 2009).[3] Petitioner was sentenced to three consecutive 30-year terms of imprisonment for the distribution offenses and a concurrent 25-year sentence on the possession offense. Pet. at 1; *State v. Cross*, No. CF-2009-316 (docket entry of Oct. 20, 2010).

Six days after the sentencing hearing, Petitioner filed a motion to withdraw his guilty plea, which the trial court denied following an evidentiary hearing. Pet. at 2; *State v. Cross*, No. CF-2009-316 (docket entries of Oct. 25-Dec. 9, 2010). Petitioner then sought an appeal through a petition for writ of certiorari from the Oklahoma Court of Criminal Appeals ("OCCA"); the appellate court denied certiorari on October 27, 2011. Pet. at 2; *see Cross v. State*, No. C-2011-20 (Okla. Crim. App. filed Jan. 12, 2011).

In January 2012, Petitioner filed a petition seeking a writ of habeas corpus under § 2254 ("First Petition") in this Court, raising the same claims raised in his OCCA certiorari appeal No. C-2011-20 and seeking relief on the basis that his guilty plea in Stephens County Case No. CF-2009-316 was not knowing or voluntary. *See Cross v. Franklin*, No. CIV-12-39-D (W.D. Okla. filed Jan. 11, 2012) (First Pet. (Doc. No. 1); Doc. No. 1-1; OCCA Summ. Op. Denying Cert. (Doc. No. 1-2)). The First Petition was denied on October 24, 2012. *See Cross v. Franklin*, No. CIV-12-39-D (Order of Oct. 24,

---

[2] References to filings in this Court use the page numbers assigned by the Court's electronic filing system.

[3] The undersigned takes judicial notice of the dockets for Petitioner's state-court proceedings, which are publicly available through http://www.oscn.net, as well as the docket and filings for Petitioner's prior habeas case in this Court, which are publicly available through http://www.pacer.gov.

2012 (Doc. No. 18); J. (Doc. No. 19)).  The Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal, finding that Petitioner's claims were meritless and no reasonable jurist could find the Court's denial of habeas relief to be debatable or wrong.  *See Cross v. Franklin*, 520 F. App'x 671 (10th Cir. 2013).

Petitioner then returned to the state courts, filing an application for postconviction relief and various postconviction motions in the trial court on June 4, 2014.  Pet. at 3; Doc. Nos. 1-1 to 1-3.  Relief was denied on all of Petitioner's requests.  *See* Doc. No. 1-5.  On January 7, 2015, the OCCA affirmed the trial court's denial of postconviction relief. *See* OCCA Postconviction Order (Doc. No. 1-6); *Cross v. State*, No. PC-2014-840 (Okla. Crim. App. filed Oct. 1, 2014).

Petitioner filed the instant § 2254 Petition, along with copies of filings from his state postconviction proceedings, on January 20, 2015.  *See* Pet. at 14 (reflecting that Petition was placed in prison mailing system on January 20, 2015); *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (noting that a petition is deemed filed on the date it is presented to prison authorities for mailing); Doc. No. 1-1 to 1-6.  Petitioner now recasts certain propositions of error he raised in his state postconviction proceedings as claims for federal habeas relief.  *See* Pet. at 5, 7, 9, 10 (Petitioner checking "Yes" when asked if he had raised each habeas ground in state postconviction or habeas proceedings); Doc. Nos. 1-1, 1-2, 1-3.

Liberally construed, Petitioner now asserts that he is entitled to habeas relief because: (1) counsel was not appointed "to perfect a direct appeal *of* his conviction *and*

sentence," Pet. at 5-6; Pet'r's Postconviction App. (Doc. No. 1-1) at 1;[4] (2) the trial court lacked jurisdiction to accept Petitioner's guilty plea because Petitioner was mentally unfit to enter a plea, Pet. at 6-8; Pet'r's Postconviction App. at 1; (3) the trial court lacked jurisdiction "because the information was nothing but a conclusion, based on [hearsay] statements" and not verified by a judge, Pet. at 6-8; Pet'r's Postconviction App. at 2; (4) the trial court lacked jurisdiction to enhance Petitioner's sentence based upon prior convictions, Pet. at 6-8; Pet'r's Postconviction App. at 2; (5) Petitioner was improperly sentenced under a repealed statutory sentencing range, Pet. at 6-8; Pet'r's Postconviction App. at 3; (6) a hearing was constitutionally required on Petitioner's postconviction claims, Pet. at 6-8; Pet'r's Postconviction App. at 3; (7) newly discovered witnesses and experts will disprove the State's case and prove Petitioner's postconviction claims to be true, Pet. at 8-9; Pet'r's Postconviction App. at 1; (8) the doctrine of double jeopardy bars trial or conviction on multiple counts regarding the same act, Pet. at 10-11; Pet'r's Postconviction App. at 2; (9) Petitioner's sentence was unlawfully enhanced through ex post facto application of a new law, Pet. at 10; Pet'r's Postconviction App. at 2; and (10)

---

[4] Pursuant to the OCCA's Rules, a state criminal defendant may appeal from entry of a guilty plea only by moving to withdraw the plea and then seeking a petition for certiorari after that request is denied by the trial court. *See* Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A) There is no separate "direct appeal" as contemplated by Petitioner, and Petitioner was represented by counsel on certiorari appeal of the denial of his motion to withdraw his guilty plea. *See Cross v. State*, No. C-2011-20. "Although a guilty plea appeal is technically referred to in Oklahoma as a 'certiorari appeal,' Oklahoma courts have always treated this appeal as an appeal of right." *Hickman v. Spears*, 160 F.3d 1269, 1272-73 (10th Cir. 1998) (alteration and internal quotation marks omitted). Relatedly, "the [federal] Constitution does not require states to provide counsel in postconviction proceedings." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1371 (10th Cir. 1997) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)).

4

Petitioner has a state statutory right to be considered for a sentence modification at this time, Pet'r's Postconviction App. at 3-4.

ANALYSIS

A. *Screening Requirement and Jurisdiction*

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 R. 4. Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006).

B. *Second or Successive Petition Under 28 U.S.C. § 2254*

Section 2244(b) of Title 28 of the United States Code limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

> convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see* 28 U.S.C. § 2244(b)(3).

### C. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120

6

(10th Cir. 2000). Here, because § 2244(d)(1)(B), (C), and (D) are not implicated by the allegations in the Petition, the timeliness of the Petition is considered under § 2244(d)(1)(A).

D. Discussion

1. *Petitioner's Petition Is "Second" Under 28 U.S.C. § 2244(b)*

Petitioner's First Petition, in Case No. CIV-12-39, was denied on the merits. *See* Order of Oct. 24, 2012 (finding "no basis for habeas relief" on the merits of Petitioner's claims). Because Petitioner's prior habeas petition challenged the same state-court conviction and was denied on the merits, the current Petition is "second or successive" for purposes of § 2244(b). *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); 28 U.S.C. § 2244(b)(1)-(2). In the instant matter, there is no indication that Petitioner has received an order from the Tenth Circuit Court of Appeals authorizing this Court to consider this pleading, which is his second § 2254 Petition challenging the same state-court judgment and sentence. *See* Pet. at 11-12 (Petitioner erroneously stating that he has not previously filed a petition in federal court regarding his conviction in Stephens County District Court Case No. CF-2009-316); 28 U.S.C. § 2244(b)(3)(A).

To the extent Petitioner's present habeas claims were raised in his prior § 2254 petition—e.g., his claim that he was unable to enter a knowing and voluntary guilty plea—these claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) (prescribing that a previously presented claim presented in a second or successive § 2254 application "shall be dismissed"); Order of Oct. 24, 2012; *see, e.g.*, *Hall v. Falk*, 535 F. App'x 762, 763 (10th Cir. 2013); *Allen v. Massie*, 236 F.3d 1243, 1244-45 (10th Cir. 2001).

7

With respect to the new claims now raised by Petitioner that "challeng[e] the same conviction" as did Petitioner's prior habeas petition, this Court lacks jurisdiction to consider the claims. *In re Rains*, 659 F.3d at 1275; *see also Hall*, 535 F. App'x at 763; *In re Cline*, 531 F.3d at 1251.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d at 1252. "When there is no risk that a meritorious successive § 2254 claim will be lost" absent a transfer, the district court properly may exercise its discretion to dismiss the petition. *Id.*

2. *Transfer of the Instant Petition Is Not in the Interest of Justice*

   a. *28 U.S.C. § 2244(b)(2)*

In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b)(2) to obtain authorization to proceed with a second habeas petition. By statute, an application to proceed with a second or successive habeas petition

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

None of Petitioner's habeas claims, listed above, relies upon a new rule of constitutional law or has been shown to rely upon a factual predicate alleged to not have been discoverable previously. *See* Pet. at 5-11; Pet'r's Postconviction App. at 1-4. Petitioner's allegedly "newly discovered" witnesses and evidence consist entirely of a list of several university professors and a psychologist, all of whom he identifies as "experts" who will assist him in proving his guilty plea was invalid. Pet'r's Postconviction App. at 1. This listing does not indicate that these individuals' identities were not previously discoverable, does not "show[] . . . that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and therefore does not support the Court's transfer of this second § 2254 Petition to the Tenth Circuit. 28 U.S.C. 2244(b)(2)(B)(i).[5]

Among the allegations of the Petition are claims that the trial court lacked subject-matter jurisdiction over Petitioner's case, rendering his criminal conviction void. *See* Pet. at 6-8; Pet'r's Postconviction App. at 1, 2. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). However, the Tenth Circuit has held in unpublished opinions that similar due process claims were subject to dismissal for untimeliness on habeas review. *See, e.g.*, *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *United States v. Patrick*, 264 F. App'x 693, 694-95

---

[5] For the same reasons, this listing of putative experts does not supply a basis for avoiding application of a limitations period that runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

(10th Cir. 2008). And in *Hall v. Falk*, the Tenth Circuit denied a certificate of appealability when, as recommended here, the district court had dismissed as unauthorized and second-or-successive a habeas petition alleging that the state trial court lacked subject-matter jurisdiction over the underlying criminal conviction. *See Hall*, 535 F. App'x at 763. Nor has Petitioner presented underlying facts relevant to any of his claims sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses. *See* Pet. at 5-11; Pet'r's Postconviction App. at 1-4; 28 U.S.C. § 2244(b)(2)(B)(ii).

      *b. 28 U.S.C. § 2244(d)(1)(A)*

Moreover, the "interest of justice" does not support transfer of this claim because the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1), adopted as part of AEDPA, and governing the filing of this § 2254 habeas petition by Petitioner, expired nearly two years before this action was commenced on January 20, 2015. After Petitioner was convicted in October 2010, the OCCA denied relief on his certiorari appeal on October 27, 2011. *See* OCCA Summ. Op. Denying Cert. at 1. Because Petitioner did not file a petition for certiorari in the U.S. Supreme Court, his conviction became final ninety days later, on January 25, 2012. Pet. at 2; *see Fleming*, 481 F.3d at 1257-58; U.S. Sup. Ct. R. 13.1.

The AEDPA limitations period under 28 U.S.C. § 2244(d)(1)(A) began to run the following day and expired on January 26, 2013. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that § 2244(d)(1)(A) limitations period began to run one day after 90-day

10

certiorari filing period ended); *Brown v. Roberts*, 501 F. App'x 825, 832 (10th Cir. 2012) (same). *But see Fleming*, 481 F.3d at 1258 (holding that § 2244(d)(1)(A) limitations period began to run on same day that 90-day certiorari filing period ended). This action, initiated January 20, 2015, is therefore untimely absent application of statutory or equitable tolling or an exception to the one-year time limit.

### *i. Statutory Tolling*

For petitions brought under 28 U.S.C. § 2254, the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "Properly filed" means "filed within the one year allowed by AEDPA." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Here, Petitioner did not file his postconviction relief application and accompanying motions until June 4, 2014, more than one year after the expiration of his one-year AEDPA limitations period on January 26, 2013. Pet. at 3; *State v. Cross*, No. CF-2009-316 (docket entries of June 4, 2014). Petitioner's postconviction filings did not toll the statute of limitations under § 2244(d)(2) because they were not filed until after that limitations period already had expired. *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Nor is Petitioner entitled to statutory tolling for the period that his First Petition was pending in this Court or in the Tenth Circuit. In *Duncan v. Walker*, the Supreme Court specifically held that a federal habeas petition is not an "'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and

11

that § 2244(d)(2) does not serve to toll the AEDPA limitation period during the pendency of a previous federal habeas action. *Duncan*, 533 U.S. 167, 181-82 (2001); *accord Brown v. Poppel*, 98 F. App'x 785, 788 (10th Cir. 2004) ("[T]he filing and pendency of a federal habeas proceeding does not toll the one-year limitations period under § 2244(d)(2).").

### ii. Equitable Tolling

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714 (internal quotation marks omitted); *see also York v. Galetka*, 314 F.3d 522, 527-28 (10th Cir. 2003) (finding equitable tolling was warranted during pendency of earlier federal habeas petition when earlier petition had been filed prior to issuance of *Duncan v. Walker*). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See Clark*, 468 F.3d at 714; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner presents no extraordinary circumstance that prevented his timely pursuit of federal habeas corpus relief. *See* Pet. at 13 (answering query as to why Petition is not time-barred under § 2244(d) by stating: "It's tolled, and within time frame."). Merely filing a prior federal habeas petition does not entitle Petitioner to equitable tolling, given

that Petitioner's First Petition was filed in 2012, more than a decade after *Duncan*'s holding became established law in 2001; Petitioner could not reasonably have relied upon his First Petition to statutorily toll his one-year limitations period. *See Duncan*, 533 U.S. at 181-82; *Brown*, 98 F. App'x at 788. Petitioner's presumed lack of knowledge of the law and lack of legal assistance, even for an incarcerated petitioner, generally are insufficient to warrant equitable tolling. *See Marsh*, 223 F.3d at 1220; *Johnson v. Jones*, 502 F. App'x 807, 810 (10th Cir. 2012). Finally, even assuming Petitioner was entitled to tolling while his First Petition was pending in this Court and the Tenth Circuit (from January 2012 to April 2013), Petitioner has offered "no explanation" "for the lengthy time period that elapsed between the date his state conviction became final" (January 25, 2012), and/or the date his appeal of the First Petition was dismissed (April 1, 2013), "and the date he attempted to pursue any type of post-conviction relief" (June 4, 2014). *Brown*, 98 F. App'x at 788.

The lack of "extraordinary circumstances preventing timeliness and diligent pursuit" of Petitioner's federal claims is clear on the face of the Petition. Petitioner has not met his burden to show that he is entitled to equitable tolling. *See Clark*, 468 F.3d at 714; *Brown*, 98 F. App'x at 788.

### iii. Actual Innocence Exception

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v.*

*Perkins*, 133 S. Ct. 1924, 1928, 1931-32 (2013). Successful actual innocence claims are rare due to the strong evidentiary requirements for such claims. *See id.* at 1928, 1931, 1936; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's allegations generally address the alleged impropriety of the trial court's acceptance of his guilty plea and specifically address: his lack of appropriate counsel, the trial court's jurisdiction; sentencing, double jeopardy, and expert witness concerns; and the lack of a postconviction evidentiary hearing. Pet. at 5-11; Pet'r's Postconviction App. at 1-4. Petitioner does not allege, however, that he is factually innocent of the crimes for which he was convicted. Petitioner's claimed improprieties in his conviction do not amount to a contention that he is actually (rather than legally) innocent of the crimes, and Petitioner presents no such evidence of actual innocence to the Court. *See Schlup*, 513 U.S. at 327-29; Pet. at 5-11; Pet'r's Postconviction App. at 1-4; Doc. Nos. 1-2 to 1-4. Petitioner's claims, even liberally construed, do not invoke the actual innocence equitable exception and do not permit continued consideration of his Petition by this Court. *See McQuiggin*, 133 S. Ct. at 1928; *Bousley*, 523 U.S. at 623.

*E. Summary*

Because all claims of the Petition either (i) were "presented in a prior application," *see* 28 U.S.C. § 2244(b)(1); or (ii) do not meet the criteria for the Court's consideration under 28 U.S.C. § 2244(b)(2); and (iii) would be subject to dismissal as untimely under 28 U.S.C. § 2244(d), "there is no risk that a meritorious successive claim will be lost" absent a transfer. *In re Cline*, 531 F.3d at 1252; *see Cross v. Franklin*, 520 F. App'x at 673-75. The Petition should be dismissed for lack of jurisdiction rather than transferred to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252; *cf. Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that district court may sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself").

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) be dismissed in its entirety.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by November 9, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 19th day of October, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE