IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE MILTON CROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-133-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 10] issued by United States Magistrate Judge Charles B. Goodwin on October 19, 2015, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and Rule 4 of the Rules Governing Section 2254 Cases. Judge Goodwin recommends dismissal of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] because: a) it is a second or successive petition challenging the same state court conviction; b) it raises some of the same claims that were denied on the merits in the first petition and raises additional claims without prior authorization required by § 2244(b)(3); and c) transfer of the Petition to the court of appeals is not in the interest of justice because it does not allege circumstances to satisfy the requirements of § 2244(b)(2), and is untimely under § 2244(d)(1).

Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report and Recommendation to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks to challenge an October 2010 conviction and sentence for drug trafficking offenses to which he pleaded guilty in the District Court of Stephens County, Oklahoma. Without success, Petitioner moved to withdraw his guilty plea, appealed to the Oklahoma Court of Criminal Appeals (OCCA), and sought federal habeas corpus relief. *See Cross v. Franklin*, 520 F. App'x 671 (10th Cir. 2013) (denying certificate of appealability; setting forth prior procedural history and claims presented). Petitioner then returned to state district court in June 2014 with an application for post-conviction relief, and a second unsuccessful appeal to OCCA. The instant Petition was filed January 20, 2015.[1] Upon initial examination of the Petition in light of publicly available state court and federal court records, Judge Goodwin finds that it should be dismissed for lack of jurisdiction, for reasons stated *supra*.

In his Objection, Petitioner contends the Petition should not be considered statutorily barred or untimely because he is mentally incompetent, has used psychotropic medications "for years," has new evidence to prove actual innocence, and is not presenting a successive petition but "an amended, supplemented extention [sic] of the 1st one." *See* Petr's Obj. [Doc. No. 11], p.1. Petitioner also asserts the Petition should be transferred to the court of appeals for a hearing where he can prove his mental disability and actual innocence, and can satisfy the requirements of § 2244(b)(2) for bringing a second habeas action.

Upon *de novo* consideration of the issues raised and arguments made in Petitioner's Objection, which is liberally construed, the Court fully concurs in Judge Goodwin's thorough

---

[1] This filing date is determined by the prison mailbox rule, as found by Judge Goodwin.

and well-reasoned analysis of the issues presented by the Petition. Petitioner fails to provide any factual or legal basis for proceeding directly in this Court on what is clearly a second or successive habeas petition, or for transferring his Petition to the Tenth Circuit in the interest of justice.[2] The Court therefore concurs in the recommendation to dismiss the Petition for lack of jurisdiction due to Petitioner's failure to satisfy the requirements of 28 U.S.C. § 2244(b)(3)(A) and failure to allege sufficient circumstances that warrant a transfer of the Petition to the court of appeals.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED in its entirety, and the Petition [Doc. No. 1] is DISMISSED without prejudice. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

---

[2] In the Petition, Petitioner fails to disclose his prior federal filing or to allege facts that might justify a second filing. Ordinarily, the Court declines to consider new matter raised for the first time in an objection to a magistrate judge's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Under the circumstances, however, the Court has considered Petitioner's new allegations and arguments, but finds them to be insufficient to alter the findings of the Report or the recommendation for dismissal.

court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

    IT IS SO ORDERED this 17th day of November, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE